THE HIGHLAND BANK *vs.* WYNKOOP, impl'd with KIERSTED.

A new trial will be granted if the material points of the cause have not been submitted to the jury, although it is not improbable that upon the testimony given the jury might have found a verdict such as has already been ren- dered.

In a suit against two persons, one the payee and endorser, and the other an accomodation endorser of a promissory note, admissions by the former as to the object for which the note was made, that object being in dispute, are not evidence, as against the latter, and the judge should so charge the jury on the trial.

ASSUMPSIT on a promissory note signed D. G. Quackenboss & Co., dated the 16th June, 1841, for ten thousand dollars,

payable one year after date at the Highland Bank, to John Kiersted or order, and endorsed by said Kiersted and by the other defendant, Wynkoop. The declaration contained the general counts, and a copy of the note was annexed, with a notice that said note would be given in evidence under said counts. The defendants separately pleaded the general issue.

The execution of the note and the genuineness of the endorsements were proved or admitted, and the note was read in evidence to the jury. Demand of payment, and notice of nonpayment to the endorsers, was also shown, and the plaintiff rested.

The testimony of Herman J. Quackenboss taken on a commission was then read in evidence for the defendants, he having been duly released  This witness stated that he signed the name of the firm, D. G. Quackenboss & Co., to said note; that it was a renewal of a like note, the series of which had run from the spring or summer of 1837, and were "left at the Highland Bank as collateral for the legitimate business paper of the different firms of D. G. Quackenboss & Co., Quackenboss & Co., and John Kiersted & Co., then due or thereafter to become due." The witness further stated that before 1837 business in New York and also in Green county was done in the name of Quackenboss & Co. In New York this firm (Quackenboss & Co.) was composed of Herman J. Quackenboss, the defendant Kiersted and one Bichnell, but the firm of the same name in Green county was composed of said Herman J. Quackenboss and said Kiersted.

In January or February, 1837, the firm in Green county assumed a new name, that of D. G. Quackenboss & Co., D. G. Quackenboss being taken in as a partner. That firm then consisted of the said H. J. and D. G. Quackenboss and said Kiersted.

Herman J. Quackenboss and Kiersted then constituted the firm of John Kiersted & Co., also doing business in Green county.

Bichnell had left the firm of Quackenboss & Co. in New York, in 1836, and in 1837 that firm was composed of Herman J. Quackenboss and Kiersted.

About May or June, 1837, the witness said he drew a note for ten thousand dollars, payable one year from date at the Highland Bank, to order of John Kiersted, to which he signed the name of D. G. Quackenboss & Co., and Kiersted endorsed it. Witness procured Wynkoop, one of the defendants, to endorse it, "with the express understanding that the note would be left at the Highland Bank as collateral security only for the legitimate business paper of the different firms above mentioned, which might then be due or upon which they might ask accomodation, or upon drafts, notes or acceptances, passing through said bank of the different firms for procuring" money for the use of said firms and not otherwise. This, the witness states, was fully explained to the officers of the bank when the note was sent to said bank. This note of 1837 was renewed annually until the note in suit was given in 1841—the endorsements being procured from year to year, with the same understanding as at first, both with the endorsers and the bank.

A question arose on the trial whether the note in suit had been given or received as collateral security for a note endorsed by the firm of Strong & Ballah, but as that note was excluded from the case by the verdict of the jury, the evidence touching it need not be stated. The witness, on cross examination, said he did not personally leave the note in suit with the bank, but sent it to said bank, and that he did not hold any conversation about it at said bank, at or about the time it was left at or sent to said bank.

After reading the testimony of Herman J. Quackenboss the defendants rested.

Various questions were made about the note endorsed by Strong & Ballah, but the verdict has excluded them from the case.

After the reading of said deposition an objection was made that there was no proof that a copy of the ten thousand dollar note in suit had been served with the declaration, and thereupon by leave of the circuit judge a suggestion of such service was entered on the copy of pleadings filed with the clerk of the circuit, and proof of such service was also

otherwise given. The sheriff's certificate and return of such service were read in evidence, subject to objection.

The counsel for the plaintiffs produced and proved various notes, as those for which the ten thousand dollar note in suit was collateral security, and they were also read in evidence, subject to objection. One, dated 14th October 1841, at ninety days, for $3,500, signed Quackenboss & Co., and payable to the order of John Kiersted & Co. at the Highland Bank. Endorsed John Kiersted & Co. One, like last in all respects, except being dated 12th November 1841. One, dated 18th October 1841, at three months, for $2,300, payable at said bank, signed by said Kiersted and payable to the order of, and endorsed by said Herman J. Quackenboss.

Alfred Post, a witness for the plaintiffs, testified, that he became cashier for the plaintiffs in April, 1840, and that he had had a conversation with Kiersted, about the three notes last mentioned and the note endorsed by Strong & Ballah. The counsel for Wynkoop objected to this conversation being proved, but the court decided that it was admissible, and the witness testified that the conversation was before the suit brought; that Kiersted said the three notes above, (excluding that endorsed by Strong & Ballah) were right. He examined them, and also the Strong & Ballah note; said the ten thousand dollar note (now in suit) was to apply to the three, but not to the one endorsed by Strong & Ballah, and that if the latter was not claimed by the bank he should make no resistance. This witness said that Herman J. Quackenboss, in person, left the said ten thousand dollar note, now in suit, with the bank, and at the time stated it was left "as collateral security for any paper, notes or drafts on which Quackenboss & Co., Herman J. Quackenboss, Herman J. Quackenboss & Co., John Kiersted, John Kiersted & Co., D. G. Quackenboss, D. G. Quackenboss & Co. were drawers or endorsers, due or to become due." This testimony was objected to by the defendant's counsel, but the objection was overruled. The witness said, the ten thousand dollar note, as was stated by the said H. J. Quackenboss, was to apply to the paper then in the bank, and to the renewals

thereof. The three notes above, as well as the one endorsed Strong & Ballah, were renewals of notes running in the bank when said ten thousand dollar note was received. The notes so renewed by the three above notes, were signed and endorsed as the renewals were.

The bank claimed to recover the amount of the three notes above, and the one endorsed Strong & Ballah, which notes were unpaid and the several endorsers duly charged thereon. Testimony, in confirmation of that of the witness Post, was given by the plaintiffs.

One Farnham was offered as a witness for the plaintiffs. He had been a stockholder and director, but had sold his stock and resigned his directorship. He was objected to as a witness but was admitted.

The principal and interest of the said three notes of 14th October 1841, 12th November 1841 and 18th October 1841 amount to................................... $10,115.56
The Strong & Ballah, added, would make...... 18,669.76
The principal and interest of the $10,000 note.. 10,605.18

The plaintiffs insisted that the ten thousand dollar note was security for the four notes, which amounted to said sum of $18,669.76. Some testimony had been given to show that the firm of Quackenboss & Co. had been dissolved, before the notes of October and November, 1841, were given, but the judge expressed an opinion that the fact was not material.

The judge charged that according to the evidence the ten thousand dollar note was made and delivered as collateral security for other notes running in the bank at the time, and, as the case is understood, that said note was good security to the bank for the purposes for which it was originally intended by the parties thereto, and that having been entrusted to Herman J. Quackenboss to be delivered at the bank, it would be presumed to have been made for the purposes for which he delivered it unless the contrary was shown. The judge expressed an opinion that upon the proof the bank was entitled to recover to the amount of the three notes above, that is the $10,115.56—but as to the Strong & Ballah note his opinion was against any allowance being

made in regard to it. He repeated the opinion before ex-
pressed that the dissolution of the firm of Quackenboss &
Co. was an immaterial fact, "and directed the jury if they
should find that the parties to the ten thousand dollar note
intended it as security for the payment of all the notes
claimed by the plaintiff, including the note"—"endorsed by
Strong & Ballah, then they should find the full amount of
the ten thousand dollar note with interest, but if they should
find that the 'Strong & Ballah note' was not intended to be
covered and secured by the note for ten thousand dollars,
that then they should find the amount due upon the other
three notes with interest."

The jury found for the plaintiff $10,115.56,—the amount
of said three notes, excluding the Strong & Ballah note.

A case was made by the defendants.

*By the Court*, BEARDSLEY, J. According to the testimony
of Herman J. Quackenboss, the ten thousand dollar note,
in suit, and those of the same amount which preceded it,
were made to "be left with the Highland Bank as collateral
security only for the legitimate business paper of the dif-
ferent firms" of D. G. Quackenboss & Co., Quackenboss &
Co., and John Kiersted & Co., "due, or upon which they
might ask accommodation, or upon drafts, notes or accept-
ances passing through said bank of the different firms", to
procure money, as I read the case, for the use of said firms,
and not otherwise. This witness states, that the bank was,
at all times, fully aware of the object for which these suc-
cessive notes were made and endorsed, and consequently can
not, if the statement of the witness was correct, be allowed
to use them for a different purpose.

But the testimony of Alfred Post, who in this respect is
fortified by other witnesses, puts a different complexion on
this part of the case. He says the ten thousand dollar note
in suit was left with the bank, not only as collateral security
for such paper as was indicated by the witness, H. J.
Quackenboss, but also to secure various other notes and
drafts, then due or to become due, and such renewals there-
of as the bank might thereafter make.

The bank sought to recover on the ten thousand dollar note as security for four other notes, of which one was endorsed by Strong & Ballah, but the latter was disallowed by the jury, and may be thrown out of view.

The jury however found a verdict for the amount of the other three notes, two of which were for three thousand five hundred dollars each, signed Quackenboss & Co. and endorsed by John Kiersted & Co., and the other for two thousand three hundred dollars, signed by the defendant Kiersted alone, and endorsed by said H. J. Quackenboss alone, thus affirming that said ten thousand dollar note was a legal security to the bank for these three different obligations. This conclusion may be correct, but it depends upon various preliminary facts which ought to be determined by a jury.

According to the testimony of H. J. Quackenboss, I should regard the ten thousand dollar note as security for the two notes of three thousand five hundred dollars each, which were allowed by the jury, but not as such security for the one of two thousand three hundred dollars which was also allowed. But taking the testimony given by Post and others, on the part of the bank, as correct, the ten thousand dollar note was, undoubtedly, collateral security for all three of these notes, and upon that assumption the verdict is for the proper amount.

The circuit judge, according to the case as made, seems hardly to have left the material facts, which were in conflict, to the decision of the jury. I think he should have charged the jury that they were first to inquire whether the plaintiffs had notice of the purpose and object for which the ten thousand dollar note was made and endorsed, and if so, then to ascertain what such purpose and object were. If made and endorsed, as collateral security for the notes signed by Quackenboss & Co. and endorsed by John Kiersted & Co., and the one signed by Kiersted alone and endorsed by H. J. Quackenboss, then a verdict, equal to the amount of these three notes, should be found; but if it was not made to secure all of them the verdict should be for the amount of such of them as were fairly within its scope and object.

If the jury however should find that the ten thousand dollar note was received by the plaintiffs without any other notice of the design and object for which it had been made and endorsed, than what was disclosed by the person who transfered it to the bank, then the jury must determine for what purpose and object it was so transfered to the bank; what obligations were thereby to be secured, and regulate their verdict accordingly.

It is not improbable that upon the testimony given in the cause the jury might find such a verdict as has already been rendered; but I can not understand from the case that these points, which seem to me essential, were submitted for their decision.    On the contrary, the charge seems to have taken them, in effect, from the jury.    I think the judge should have told the jury, distinctly, that they must find that the note was made and endorsed, as security for such paper as the individual note of Kiersted, endorsed by H. J. Quackenboss alone, or that it was received by the bank for that purpose, and without notice that it had been originally made and endorsed for a more limited purpose, before they could regard that note in finding their verdict.   To the defendant Kiersted, this may not be of any importance, as he is responsible on his individual note, in any event; but the defendant, Wynkoop, is strictly a surety, and is responsible on the ten thousand dollar note or not at all.   In my opinion a new trial should be had that the jury may pass upon the points material to a proper determination of the cause.

Evidence of what the defendant Kiersted had said or admitted, was certainly admissible against him, although not so against the defendant Wynkoop, and it should have appeared that the judge so advised the jury.

Various objections were made in the progress of the trial which were correctly overruled, and which need not be particularly mentioned.

I would not suggest, or imply an impression, that the jury erred in rejecting the Strong & Ballah note, or that they might not well have found such a verdict as they did upon the evidence before them.   The difficulty in sustaining the ver-

.dict, in my view of the case, is, not that the verdict is against the weight of evidence, but that the material points in conflict were not submitted to the jury for their determination.

New trial ordered.